IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**KATHRYN K. WAGGONER** *and*                                                                **PLAINTIFFS**
**JOHN W. WAGGONER**

**v.**                                                             **CIVIL ACTION NO. 1:21-cv-101-TBM-RPM**

**RUTH M. SHOEMAKER** *and*
**LARRY SHOEMAKER**                                                                            **DEFENDANTS**

**ORDER**

The Plaintiffs filed their Complaint in this Court on April 1, 2021 alleging claims of fraud and breach of contract arising from the purchase of Anchor Psychology Center, PLLC from the Defendants. On May 28, 2021, the Defendants filed a Motion to Dismiss [6] for failure to state a claim, arguing that the Plaintiffs failed to plead their allegations of fraud properly under Rule 9(b) of the Federal Rules of Civil Procedure. On June 11, 2021, the Plaintiffs filed an Amended Complaint [8] in response to the Defendants' Motion to Dismiss and the Defendants filed their Answer [11] to the Amended Complaint on June 24, 2021.

**I. ANALYSIS**

As a general rule, "[a]n amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994). Accordingly, the filing of an amended complaint will ordinarily moot a pending motion to dismiss unless the amended complaint "on its face" fails to address the alleged defects identified in the motion to dismiss. *See McIntyre v. City of Rochester*, 228 F. Supp. 3d 241, 241–42 (W.D.N.Y. 2017) (finding motion to dismiss moot where "[a]t least on its face, the amended complaint appears to address

those alleged defects" identified by motion to dismiss); *Polk v. Psychiatric Prof'l Servs., Inc.*, No. 09-cv-799, 2010 WL 1908252, at *2 (S.D. Ohio Mar. 29, 2010) ("[W]hen a motion to amend only addresses a discrete issue, it may not moot the underlying motion to dismiss.").

The Plaintiffs' Amended Complaint, on its face, appears to attempt to address the alleged defects identified in the motion to dismiss. Furthermore, the Amended Complaint does not purport to incorporate any aspect of the original Complaint. Accordingly, the Defendants' Motion to Dismiss is denied as moot.

## II. CONCLUSION

For the reasons stated above, IT IS THEREFORE ORDERED AND ADJUDGED that the Defendants' Motion to Dismiss [6] is DENIED as MOOT.

This, the 23rd day of July, 2021.

                                                      TAYLOR B. McNEEL
                                                     UNITED STATES DISTRICT JUDGE